REDMANN, Chief Judge,
with whom WARD, Judge, joins, dissenting.
I
There is no basis for a judgment against defendant Robert McKinnon for breach of a contract to which he is not a party (except as one of two real estate agents). He never agreed to buy plaintiffs’ land and therefore cannot owe plaintiffs damages for failing to buy their land. In any event the judgment against him should be reversed.
II
Defendant Peggy McKinnon did contract with plaintiffs to buy their land. Their first contract described itself, in handwriting, as “offer for 7 lots to purchase corner lot and next lot Grove 14 Sec. 4 for $18,000 each[,] act of sale with-end [sic] 30 days — 5 other lots to be purchased for $18,000 each on option of 90 days from acceptance date.” That contract also contained the handwritten clause “Sale subject to subdivision of said lots.” By survey dated 15 *1244 days later, the sellers did subdivide the land, although into five lots rather than seven (the last being the size of three), and thereafter a sale to both Robert and Peggy McKinnon took place. (By error not discovered until after the time for performance of the contract sued on, that sale transferred to the McKinnons not only the intended two lots but plaintiffs’ entire tract.) The option for the other five lots was converted into the contract here sued on — also with Peggy McKinnon alone — for the purchase of the “5 remaining lots Grove 14 Sec. 4 fronting on Curran.”
Unlike the earlier contract, the contract sued on does not condition itself upon a subdivision or resubdivision of any lots. Thus, even if the sellers’ own failure to perform such a condition were grounds for an extension for “curative work in connection with title,” the contract sued on does not authorize an extension for failure to resubdivide by the date set for the sale because the contract does not require re-subdividing. Plaintiff’s “invokpng] the curative clause ... for reason that title is unmerchantable since the resubdivision has not yet been accomplished” is not supported by the contract. Therefore the contract’s penal clauses cannot be invoked against defendant buyer, who did not refuse to perform until after the date set for the sale by the contract. “When the agreement to purchase and sell expired with neither party taking the necessary steps to enforce it all parties were entitled to be restored to their original positions.” Salem v. Maise, 449 So.2d 121 (La.App. 4 Cir.1984).
As in Salem, the correct result in this suit is that plaintiffs’ claim for the buyer’s deposit and the agent's demand against the buyer alone for commission should both be dismissed.
Ill
If the contract sued on be impliedly, as the first contract was explicitly, “subject to subdivision of said lots,” the identical results follow.
That provision can only mean that the seller is obliged to subdivide before the buyer is obliged to buy: that the buyer’s obligation is suspensively conditioned on the sellers’ accomplishing the subdividing. La.C.C. 2021 as then worded (prior to the 1984 revision) provided:
“Conditional obligations are such as are made to depend on an uncertain event. If the obligation is not to take effect until the event happen, it is a suspensive condition; it the obligation takes effect immediately, but is liable to be defeated when the event happens, it is then a resolutory condition.”
A seller’s failure to fulfill the suspensive condition of having land subdivided (or connected to water lines, or leveled, or whatever other condition a buyer might insist upon) does not make the seller’s title defective or questionable, and therefore does not require (in the words of the buy-sell agreement) “curative work in connection with title.” The result of the seller’s failure to subdivide is not a problem requiring title-curative work; it is simple nonfulfillment by the sellers of the suspensive condition of the buyer’s obligation to purchase. The consequence is that the buyer’s conditional obligation never became unconditional, that the buyer never became simply obliged to buy, prior to the expiration of the five-month term of the contract.
Even if resubdivision had been the implied condition of the sale, therefore: (1) the sellers — not having fulfilled the suspen-sive condition of the contract as of its performance date and not being entitled to an extension of time to fulfill it (because re-subdividing to please a buyer is not “curative work in connection with title”) — are not entitled to forfeiture of the buyer’s deposit; and (2) the buyer — never having become obliged to perform because the sus-pensive condition was never fulfilled — is equally not obliged to pay a commission to the sellers’ real estate agent as a penalty for breach of a nonexistent obligation.
The demands of both the plaintiffs and their agent against the defendants should be dismissed.